```
               IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

ROBERT MANDALA,                  §
                                 §
          Plaintiff,             §
                                 §
v.                               §    CIVIL ACTION NO. 4:12-2335
                                 §
WELLS FARGO BANK, N.A.,          §
                                 §
          Defendant.             §
```

MEMORANDUM AND ORDER

Pending is Defendant's Motion to Dismiss (Document No. 12). After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Robert Mandala ("Plaintiff") alleges that Wells Fargo Bank, N.A. ("Defendant") committed fraud and wrongful foreclosure of his property, requests an accounting, and seeks damages and attorneys' fees.[1] The claims arise out of Defendant's foreclosure sale of Plaintiff's rental property located at 12000 and 12002 Tambourine in Stafford, Texas.[2] Plaintiff asserts that he was in the process of applying for a loan modification and on March 22, 2012, Defendant's representative Travis Johnson stated over the phone that no foreclosure sale would take place in April

---

[1] Document No. 11 (2d Am. Cmplt.).

[2] Id.

and Plaintiff would have time to submit the documents necessary to obtain a loan modification.[3]  Defendant then foreclosed on the property on April 3, 2012.[4]  Plaintiff alleges that he learned of the foreclosure from his tenants, who received notice that the foreclosure had occurred and an eviction action had begun.[5]  He also learned that the tenants had apparently received a notice of foreclosure sale dated March 6, 2012, in which Defendant gave Plaintiff thirty days from receipt of the notice to dispute the debt.[6]  Upon learning of the foreclosure, Plaintiff sent a written notice to Defendant requesting a verification of the debt and has not received a response to date.[7]  Defendant moves to dismiss the claims.[8]

## II.  Discussion

### A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P.

---

[3] Id. at 2.

[4] Id.

[5] Id. at 2-3.

[6] Id. at 3.

[7] Id.

[8] Document No. 12.

12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake." FED. R. CIV. P. 9(b). Although the exact pleading requirements for Rule 9(b) are case-specific, *see* Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit requires the claimant to allege "'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." U.S. *ex rel*. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

B.  Analysis

    1.  Fraud

Defendant argues that Plaintiff's fraud claim is preempted by the Home Owners' Loan Act ("HOLA").[9] Defendant contends that the Note and Deed of Trust were originally executed in favor of Wachovia Mortgage, FSB ("Wachovia").[10] Because Wachovia was a federal savings bank, "any claim against it must be brought under HOLA and Plaintiff's state law claims are preempted."[11]

---

[9] Document No. 12 at 4.

[10] Id.

[11] Id.

4

HOLA regulates federal savings banks' lending practices. 12 U.S.C. § 1461, *et seq.* HOLA was a "product of the Great Depression of the 1930's," and "was intended 'to provide emergency relief with respect to home mortgage indebtedness' at a time when as many as half of all home loans in the country were in default." <u>Fidelity Fed. Sav. and Loan Ass'n v. de la Cuesta</u>, 102 S. Ct. 3014, 3025-26 (1982) (citing, *inter alia*, H.R. Conf. Rep. No. 210, 73d Cong., 1st Sess., 1 (1933)).

> Pursuant to sections 4(a) and 5(a) of the HOLA, 12 U.S.C. 1463(a), 1464(a), OTS [Office of Thrift Supervision] is authorized to promulgate regulations that preempt state laws affecting the operations of federal savings associations when deemed appropriate to facilitate the safe and sound operation of federal savings associations, to enable federal savings associations to conduct their operations in accordance with the best practices of thrift institutions in the United States, or to further other purposes of the HOLA. To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices . . . OTS hereby occupies the entire field of lending regulation for federal savings associations.

12 CFR § 560.2. The Code of Federal Regulations provides an illustrative list of the types of state regulations that HOLA preempts, such as regulations governing licensing, loan-related fees, escrow accounts, and usury and interest rates ceilings, to name a few. *See* 12 C.F.R. § 560.2(b). It further identifies state claims that are not subject to HOLA preemption, including contract and commercial law, real property law, and tort law, "to the extent that they only incidentally affect the lending operations of

5

Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c).

Defendant argues that HOLA preempts Plaintiff's fraud claim, but cites no regulation that conflicts with or encompasses Plaintiff's fraud claim. Likewise, Defendant's broad interpretation of HOLA preemption ignores the express language of 12 C.F.R. § 560.2(c), generally exempting state law tort claims.[12] Plaintiff's fraud claim is not based on allegations regarding Defendant's setting of interest rates, loan disclosures, advertising, or any of the items enumerated in Section 560.2(b). Rather Plaintiff's claim is based upon Defendant's alleged independent misrepresentation that it would not foreclose on Plaintiff's property in April 2012.[13] This claim is not preempted by HOLA. *See* Haque v. Wells Fargo Bank, N.A., No. C11-02366 TEH, 2012 WL 1029668, at *5 (N.D. Cal. March 26, 2012) (finding fraud claim not subject to HOLA preemption because it does not arise from lending practices but "from a more general duty not to misrepresent

---

[12] Defendant asserts that it is the beneficiary of HOLA preemption as the successor to Wachovia Mortgage, FSB, in whose favor Plaintiff executed and delivered the Note and Deed of Trust.

[13] Under Texas law, the elements of a fraud claim are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

6

material facts") (citation and quotation marks omitted); <u>Ahmed v. Wells Fargo Bank & Co.</u>, No. C 11-0436, 2011 WL 1751415, at *4 (N.D. Cal. May 9, 2011) (same); *see also* <u>Wigod v. Wells Fargo Bank, N.A.</u>, 673 F.3d 547, 578 (7th Cir. 2012) (stating that under its precedent, "a claim under Connecticut's consumer protection statute alleging 'exorbitant and usurious mortgages' was preempted, while 'straight fraud claims' arising under both state common-law and consumer fraud statutes were not preempted") (citing <u>In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.</u>, 491 F.3d 638, 647 (7th Cir. 2007)).

Defendant further argues that Plaintiff's fraud claim is barred by the economic loss rule.[14] Defendant states that "[u]nder Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties."[15] In <u>Sharyland Water Supply Corp. v. City of Alton</u>, 354 S.W.3d 407, 418 (Tex. 2011), the Texas Supreme Court recognized fraud as a claim "for which courts have allowed recovery of economic damages even absent physical injury or property damage." <u>Id.</u> at 418-419 (citations omitted); *see also* <u>Barcenas v. Fed. Home Loan Mortg. Corp.</u>, Civ. A. No. H-12-2466, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013) (Harmon, J.) ("As this Court stated earlier, as a matter of law the economic loss rule does not apply

---

[14] Document No. 12 at 8-9.

[15] <u>Id.</u> at 8.

to fraud claims because the parties to a contract have an independent duty not to commit the intentional tort of fraud") (citing cases)).[16] Accordingly, Defendant's motion to dismiss Plaintiff's fraud claim is denied.

### 2. Wrongful Foreclosure Due to Fraud

Defendant makes several arguments as to why Plaintiff's wrongful foreclosure due to fraud claim should be dismissed, one of which being that "Plaintiff fails to allege that Wells Fargo violated any statutory or contractual terms, therefore, he cannot recover for wrongful foreclosure."[17] In other words, Defendant argues that Plaintiff has failed to plead the essential elements to a wrongful foreclosure sale. "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.). Plaintiff does not plead *any* of the elements of wrongful foreclosure and, in

---

[16] Defendant cites two Texas appellate court cases finding fraud claims were barred by the economic loss doctrine. Document No. 12 at 9 (citing Heil Co. v. Polar Corp., 191 S.W.3d 805, 817 (Tex. App.--Fort Worth 2006, pet. denied); Hameed Agencies (PVT) Ltd. v. J.C. Penney Purchasing Corp., No. 11-05-00140-CV, 2007 WL 431339, at *5 (Tex. App.--Eastland Feb. 8, 2007, pet. denied)). Both opinions, however, were issued prior to Sharyland.

[17] Document No. 12 at 11.

8

particular, alleges no defect in the foreclosure sale proceedings based on any statute or contractual terms.  Moreover, wrongful foreclosure due to fraud is not a recognized cause of action under Texas law.  *See* Casey v. Fed. Home Loan Mortg. Ass'n, Civ. A. No. H-11-3830, 2012 WL 1425138, at *4 (S.D. Tex. April 23, 2012) (Miller, J.) ("the alleged misrepresentation is completely unrelated to the elements of a wrongful foreclosure claim in Texas, so the wrongful foreclosure due to fraud claim must be dismissed"); Barcenas, 2013 WL 286250, at *7 ("Plaintiffs' count for wrongful foreclosure due to fraud is not a recognized cause of action under Texas law"); Colbert v. Fed. Nat'l Mortg. Ass'n, Civ. A. No. H-12-2827, 2013 WL 505343, at *4 (S.D. Tex. Feb. 8, 2013) (Lake, J.) (an allegation of fraud is "not an allegation of a defect in the foreclosure sale proceedings").  Accordingly, Plaintiff's claim for wrongful foreclosure due to fraud is dismissed for failure to state a claim upon which relief can be granted.

Although Plaintiff has now filed three pleadings--the most recent being his Second Amended Original Complaint--he requests leave to replead "if the Court determines that such an amendment is necessary."  Because Plaintiff does not allege any new facts to cure the deficiencies in his pleading, and Plaintiff has had ample opportunity to plead his best case, this request is denied.

9

III. <u>Order</u>

For the foregoing reasons, it is therefore

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 12) is GRANTED as to Plaintiff's claim of wrongful foreclosure due to fraud, and this claim is DISMISSED, and Defendant's motion is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 30th day of April, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE